UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

**FILED**
MAR 0 9 2010
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CRIMINAL NO. W-09-CR-191 |
| ) | |
| PATRICIA SOLARES (12), ) | **W09CR191** |
|   aka Patricia Bentacourt, ) | |
|   aka Patricia Regalado, ) | |
| SERGIO PADRON (13), ) | |
| JADE KUHN (14), ) | |
| ) | |
| Defendants. ) | |

## GOVERNMENT'S MOTION TO SEAL SUPERSEDING INDICTMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now the United States of America, by and through the United States Attorney for the Western District of Texas, and files this its Motion to Seal the Superseding Indictment in this cause and would show the Court as follows:

I.

On March 9, 2010, the Grand Jury returned a True Bill of Indictment, charging the defendants listed above. Not all defendants named in the indictment have been apprehended. The disclosure of the existence of the superseding indictment would seriously jeopardize the ability of law enforcement officers to locate the defendants and apprehend them without incident. The government therefore seeks an Order of the Court placing the superseding indictment and related documents under seal.

The government acknowledges that any defendant who is arrested must be provided a copy of the superseding indictment at the time of his initial appearance (pursuant to Rule 5, Fed.R.Crim.P.). Those previously afforded an initial appearance will be provided a copy of the superseding indictment at arraignment (pursuant to Rule 10, Fed. R. Crim. P.). The government would show that the interests of justice would be served by providing to each defendant a copy of the superseding indictment which includes only the name of that particular defendant and other defendants previously informed of the charges through hearing conducted pursuant to Rule 5 or Rule 10.

To assist in this process, the government will provide to the Clerk's Office a copy of the superseding indictment which has been redacted in a manner to omit names of any defendants who have not yet been officially informed of the charges. The government requests that the Clerk be directed to provide the government with notice of the setting of each Rule 5 or Rule 10 hearing, so that the government may prepare and deliver to the clerk a redacted copy of the superseding indictment.

Accordingly, the United States respectfully requests this Court to order that the superseding indictment, warrant for each defendant's arrest, and documents relating to this superseding indictment remain sealed; provided, however, that a redacted copy of the superseding indictment shall be delivered to any defendant at the time of such defendant's initial appearance (conducted pursuant to Rule 5, Fed.R.Crim.P.), or arraignment (conducted pursuant to Rule 10, Fed.R.Crim.P.), whichever is applicable. The United States further requests that the court permit the government to redact such copy of the superseding indictment in a manner that will not disclose names of defendants who have not yet been informed of the charges through Rule 5 or Rule 10 hearing. The

redacted copy need include only those counts which name defendants who have been arrested and informed of the charges against them. The United States further requests that this motion and the Court's Order be sealed.

                                               Respectfully submitted,

                                               JOHN E. MURPHY
                                               United States Attorney

                                  BY: SEAN M. CONDRON
                                               Assistant United States Attorney
                                               800 Franklin, Suite 280
                                               Waco, TX 76701
                                               (254) 750-1580